UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| DANIEL WARLICK, § | |
| Plaintiff, § | |
| § | |
| vs. §. | CIVIL ACTION NO. 1:20-CV-500 |
| § | |
| STEPPES CREEK CONSULTING, LLC; § | |
| AND JERRY DEAN CLEMENTS II, § | |
| Defendants. § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff Daniel Warlick ("Plaintiff") files this Original Complaint, and respectfully shows as follows:

## I. PRELIMINARY STATEMENT

1. Plaintiff previously worked as an employee for Defendant Steppes Creek Consulting, L.L.C. ("SCC"), which is owned and controlled by Jerry Dean Clements II (SCC and Mr. Clements are referred to as "Defendants").

2. Plaintiff brings this action to recover overtime compensation and all other available remedies under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. 201 *et. seq.* (the "FLSA").

3. For at least three years prior to the filing of this Complaint, Defendants willfully committed violations of the FLSA by failing to pay Plaintiff for overtime hours worked in excess of forty hours per week at a rate of one and one-half times his regular rate of pay.

## II. PARTIES

4. Plaintiff is an individual residing in Texas.

5. SCC is a Texas limited liability company which may be served through its registered agent, Jerry Dean Clements II, at 1502 Waco St., Brownwood, TX 76801, or where found.

6. Jerry Dean Clements is a Texas resident who may be served at 1502 Waco St., Brownwood, TX 76801, or where found.

## III. JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States; specifically, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et. seq. Jurisdiction is further conferred on this Court by the provisions of 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce..."

8. This Court has personal jurisdiction over Defendants because they are Texas residents. This Court's assertion of jurisdiction over Defendants would not offend traditional notions of fair play and substantial justice.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because, as provided below, a substantial part of the events or omissions giving rise to this claim occurred in this judicial district. Specifically, Plaintiff worked on several projects for the City of Richland Springs in San Saba County, which is located in the Western District of Texas, Austin Division.

## IV.     COVERAGE

10. At all relevant times times, Defendants have been employers or joint employers of Plaintiff within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

11. SCC was unquestionably an "employer" or "joint employer" of Plaintiff. Specifically, Plaintiff performed work on jobs for SCC, he was told where to go and what to do on such jobs by employees of SCC, he was required to adhere to employment policies of SCC, and he was paid by SCC.

12. Jerry Dean Clements was also an "employer" or "joint employer" of Plaintiff. Mr. Clements is the founder, majority owner and the primary decision-maker of SCC. According to documents on file with the Texas Secretary of State, Mr. Clements is the sole Director of the company. Mr. Clements is responsible for making employment decisions at SCC (he has the power to hire and fire SCC employees and he directly oversees supervisors who likewise have such power). Mr. Clements also controls employee work schedules and conditions of employment by creating, reviewing and/or approving policies applicable to SCC employees (including but not limited to Plaintiff), such as the employee handbook and other written and/or unwritten employee policies. Mr. Clements also made or approved the decision to characterize Plaintiff as exempt and to pay him a salary, with no additional compensation for hours worked above forty in a week. Finally, Mr. Clements is a custodian of SCC's payroll and other HR records, as they are maintained by those working under his supervision. As such, Mr. Clements is an employer or a joint employer of Plaintiff.

13. At all relevant times, Defendants have operated an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

14.     At all relevant times, Defendants have operated an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had an annual gross sales volume of sales made or business done of not less than $500,000.

15.     At all relevant times, Plaintiff was an employee for Defendants who was engaged in commerce or in the production of goods for commerce.

## V.     FACTUAL BACKGROUND

16.     SCC provides boring and directional drilling services to companies and municipalities.  Plaintiff was employed by Defendants as a field worker and performed manual labor related to boring services.  Plaintiff worked for Defendants from September of 2018 until March of 2020.  Plaintiff did not possess the power to hire or fire other employees, nor was he given any input regarding personnel matters.

17.     While employed by Defendants, Plaintiff routinely worked at least 70 hours per week.  Instead of paying him overtime, Defendants paid Plaintiff a flat day rate, with no additional pay for hours worked above 40 in a week. Plaintiff was classified as an independent contractor by Defendants, but he was actually an employee of Defendants. Because Plaintiff was paid a set, flat daily rate, and because his schedule was set by Defendants, he was not given any opportunity to share in the profit and/or loss of his services. He was not allowed the freedom to take or reject assignments - instead he had to perform work as ordered to do by Defendants -

Defendants told Plaintiff what job locations to report to, what tasks to do and when to do them. Because Plaintiff worked full time for Defendants, he was not allowed an opportunity to expand his business or to take on other jobs for other boring companies. None of the factors used by the Fifth Circuit when assessing independent contractor/employee status weigh in favor of finding Plaintiff to be an independent contractor.

18. As set forth herein, Defendants have violated, and are violating, Section 7 of the FLSA, 29 U.S.C. § 207, by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than 40 hours without compensating such employees for their employment in excess of 40 hours per week at rates no less than one and a half times the regular rate for which he was employed.

19. No exemption excuses Defendants from paying Plaintiff overtime rates under the FLSA. Defendants have failed to make a good faith effort to comply with the FLSA. Instead, Defendants knowingly, willfully or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation. Specifically, Defendants knew or should have known that Plaintiff was working more than 40 hours per week, and Defendants consciously chose not to pay Plaintiff overtime for the hours worked above 40 each week. Plaintiff is entitled to liquidated damages (and Plaintiff is entitled to go back three years for the FLSA claims) as a result of such conduct.

20. Pursuant to the FLSA, Plaintiff is entitled to recover all reasonable attorney's fees and costs incurred in this action.

### VI. CAUSE OF ACTION - VIOLATIONS OF THE FLSA

21. The foregoing allegations are incorporated herein by reference.

22. Plaintiff was a non-exempt employee of Defendants.

23. Plaintiff was entitled to overtime pay for all hours in excess of forty worked during each seven-day workweek.

24. Defendants violated 29 U.S.C. § 201 et. seq. by failing to pay Plaintiff overtime compensation at a rate of one-and-a-half times the appropriate regular rate.

25. Plaintiff seeks all unpaid overtime compensation and an additional equal amount as liquidated damages for a period of three years from the date of the filing of this complaint, as well as reasonable attorney's fees, costs and litigation expenses, including expert witness fees, as provided by 29 U.S.C. § 216(b), along with pre- and post-judgment interest at the highest rate allowed by law.

## VIII. RELIEF SOUGHT

WHEREFORE, Plaintiff respectfully requests that on final hearing, Plaintiff be awarded:

a. Unpaid overtime wages for all hours worked in excess of forty hours in a workweek at the rate of one and one-half times the employee's regular rate of pay;
b. Liquidated damages in an amount equal to the unpaid overtime compensation;
c. Attorney's fees, costs and expenses;
d. Pre- and post-judgment interest at the highest rates allowed by law; and
e. All other relief, at law or in equity, to which he may be justly entitled.

Respectfully submitted,

/s/ Josh Borsellino
Josh Borsellino
State Bar No. 24045532
Borsellino, P.C.
Office Address:
1020 Macon St., Suite 15
Fort Worth, Texas 76102

Mailing Address:
3267 Bee Cave Rd., Ste. 107, Box # 201
Austin, TX 78746
Telephone: (817) 908-9861
Facsimile: (817) 394-2412
Email: josh@dfwcounsel.com